DAVIDOFF HUTCHER & CITRON LLP
*Proposed Attorneys for the Debtor*
120 Bloomingdale Road, Suite 100
White Plains, New York 10605
(914) 381-7400
Robert L. Rattet, Esq.
Jonathan S. Pasternak, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                                    Chapter 11

HELLO LIVINGSTON EXTENDED, LLC,                           Case No. 23-22422 (SHL)

                        Debtor.
------------------------------------------------------------x

## DECLARATION OF DAVID GOLDWASSER PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

DAVID GOLDWASSER, under penalties of perjury, hereby declares and states as follows:

1. I am the Chief Restructuring Officer of the above captioned debtor (the "Debtor"), and I submit this Declaration pursuant to Rule 1007-2 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York.

## PART I
## BACKGROUND

2. In 2018, the Debtor was formed to acquire title to the development real property located at 291 Livingston Street, Brooklyn, New York (the "Property").

3. The Debtor acquired the Property for $14,800,000. The acquisition was funded in part by the Debtor's two 50% members, Perigrove 1001 LLC and 291 Livingston Holdings LLC and in part from financing obtained from Acres Loan Origination, LLC ("Acres"), who also advanced funds for the construction and development of the Property, and holds a perfected first priority mortgage thereon.

1

4. The Property consists of a flag lot that is 20 feet wide on Livingston Street, 40 Feet wide at the rear on Grove Place, and 137.5 feet deep, with a 95% complete, approximately 46,000 square foot building located thereon, The Property is zoned for commercial use. The Property is fully insured, secured, and maintained. Upon information and belief, the Debtor is current in the payment of all real estate taxes.

5. Over the next few years, the Debtor intended to construct, with project and construction financing from Acres, a 21-floor building intended for hotel and high-end residences/mixed use.

6. Unfortunately, the Debtor ran out of working capital before the building and construction project was completed. The building is currently 95% complete but still requires approximately $6 million to complete.

7. As a result of the cessation of construction activity and the Debtor's inability to complete the project, the three loans made by Acres fell into default. Acres is currently owed approximately $34 million.

8. In addition, there are approximately 19 junior mechanics' liens filed against the Property totaling approximately $3 million.

9. The Debtor believes the Property has a current fair market value of approximately $29,500,000.

10. Over the past several months, the Debtor has been in negotiations with Acres on how to complete the project and satisfy the various claims asserted against the Debtor as described above.

11. To that end, in order to maximize the value of the Property and cut off the continuing accruals and costs associated with the ownership and management of the Property, the

2

Debtor will attempt to sell the Property during its Chapter 11 case, in order to generate proceeds for payment to its creditors.

12. The Debtor intends to conduct a rigorous and robust marketing process pursuant to upcoming sale procedures to be approved by this Court. The ultimate sale of the Property will form the basis of a Chapter 11 plan of liquidation to be filed in the first 90 days of this case.

13. If the plan and sale can be consummated expeditiously in bankruptcy, the creditors will likely have the best chance of a recovery through a liquidating Chapter 11 plan.

14. The Debtor will thereafter promptly adjudicate any claims or interests asserted by any other related parties.

15. The Debtor therefore submits that the filing of the Chapter 11 case was necessary to preserve the value of the estate and maximize a return to its creditors.

16. The needs and interests of the Debtor's creditors will best be served by the continued possession of their property and management of their affairs as debtor-in-possession under Chapter 11 until a restructuring plan can be formulated and presented to creditors.

## PART II

## INFORMATION REQUIRED BY LOCAL BANKRUTPCY RULE 1007

17.    In addition to the foregoing, S.D.N.Y. Local Bankruptcy Rule 1007-2 requires certain information related to the Debtor, which is set forth below.

**Local Rule 1007-2(a)(1)**

18.    The Debtor's management operates at 46 Main Street, Suite 176, Monsey, New York 10952. The Debtor's principal assets are located at the Property.

**Local Rule 1007-2(a)(2)**

19.    This case was not originally commenced under Chapter 7 or 13 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*(the "Bankruptcy Code").

**Local Rule 1007-2(a)(3)**

20.    Upon information and belief, no committee was organized prior to the order for relief in this Chapter 11 case.

**Local Rule 1007-2(a)(4)**

21.    A list of the names and addresses of the Debtor's 20 largest unsecured claims, excluding those who would not be entitled to vote at a creditors' meeting and creditors who are "insiders" as that term is defined in §101(31) of the Bankruptcy Code is annexed hereto as **Schedule I**.

**Local Rule 1007-2(a)(5)**

22. A schedule of the Debtor's 5 largest secured creditors is annexed hereto as **Schedule II**.

**Local Rule 1007-2(a)(6)**

23. A summary of the Debtor's consolidated assets and liabilities is annexed hereto as **Schedule III.**

**Local Rule 1007-2(a)(7)**

24. There are no publicly held securities of the Debtor.

**Local Rule 1007-2(a)(8)**

25. None of the Debtor's property is in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents or secured creditor.

**Local Rule 1007-2(a)(9)**

26. The Debtor owns the Property.

**Local Rule 1007-2(a)(10)**

27. The Debtor's books and records and substantial assets are located at the Debtor's office at 46 Main Street, Suite 176. Monsey, New York 10952.

**Local Rule 1007-2(a)(11)**

28. All suits or proceedings in which the Debtor is named as a party are listed in the Debtor's Statement of Financial Affairs as filed.

**Local Rule 1007-2(a)(12)**

29. The Debtor is currently managed by David Goldwasser as its chief restructuring officer.

**Local Rule 1007-2(b)(1) and (2)**

30.     The Debtor currently has no employees.

31.     The Debtor's estimated gross weekly payroll and payments to managers, members, and directors for the thirty (30) day period following the Chapter 11 petition is 0.

32.     The Debtor's estimated payroll to non-manager/non-insider employees for the thirty (30) day period following the Chapter 11 petition is approximately $0.

**Local Rule 1007-2(b)(3)**

33.     A schedule, for the 30-day period following the filing of the chapter 11 petition, of estimated cash receipts and disbursements, net cash gain or loss and obligations expected to accrue but remain unpaid, other than professional fees is annexed as **Schedule IV**.

## CONCLUSION

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Dated: June 2, 2023

                                                    */s/ David Goldwasser*
                                                    David Goldwasser, Chief Restructuring Officer

## SCHEDULE I

<u>CONSOLIDATED 20 LARGEST UNSECURED CREDITORS</u>

See attached

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | Hello Livingston Extended LLC |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF NEW YORK |
| Case number (if known): | |

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 293 Livingston Realty LLC Attn: Jack Glanzberg Molod Spitz & DeSantis, P.C. 1430 Broadway, 21st Floor New York, NY 10018 | | | Disputed | | | $0.00 |
| Abel Ochoa Attn: Andrew Kreidman, Esq. Zaremba Brown PLLC 40 Wall Street, 52nd Floor New York, NY 10005 | | | Disputed | | | $0.00 |
| Acres Loan Orgination, LLC 865 Merrick Avenue, Suite 200S Westbury, NY 11590 | | 291 Livingston Street, Brooklyn, NY 11217 | | $34,000,000.00 | $29,500,000.00 | $4,500,000.00 |
| Best Super Cleaning LLC 5014 16th Avenue #231 Brooklyn, NY 11204 | | Mechanic's Lien | Disputed | | | $15,117.25 |
| Capital Concrete NY, Inc. 199 Lee Avenue #421 Brooklyn, NY 11211 | | Mechanic's Lien | Disputed | | | $1,129,012.27 |
| Classic Touch USA Corp. 223 Spencer Street #304 Brooklyn, NY 11205 | | Mechanic's Lien | Disputed | | | $128,412.00 |

Official form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured claims    page 1

Debtor **Hello Livingston Extended LLC**
Name

Case number *(if known)*

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Core Scaffold Systems, Inc. 417 Myrtle Avenue, Ste. 14 Brooklyn, NY 11205 | | Mechanic's Lien | Disputed | | | $180,219.74 |
| Cube 4 Equities, Inc. 29 Exeter Street Brooklyn, NY 11235 | | Mechanic's Lien | Disputed | | | $171,402.96 |
| Gene Kaufman Architect, P.C. 79 Fifth Avenue, 18th Floor New York, NY 10003 | | Mechanic's Lien | Disputed | | | $166,636.81 |
| International Tile Collection, Inc. 6 Mosley Avenue Staten Island, NY 10312 | | Mechanic's Lien | Disputed | | | $96,855.00 |
| Jun's Construction Inc. 122-03 14th Ave College Point, NY 11356 | | Mechanic's Lien | Disputed | | | $85,750.00 |
| Live Lion Security LLC 5014 16th Avenue #231 Brooklyn, NY 11204 | | Mechanic's Lien | Disputed | | | $28,721.47 |
| MLS Service Group Inc. 5308 13th Avenue #150 Brooklyn, NY 11219 | | Mechanic's Lien | Disputed | | | $12,675.00 |
| Park Lumber Yard Corp. 1071 38th Street Brooklyn, NY 11219 | | Mechanic's Lien | Disputed | | | $10,731.04 |
| PBS Services, Inc. 4403 15th Avenue Brooklyn, NY 11219 | | Mechanic's Lien | Disputed | | | $183,960.92 |
| Prestige Construction NY LLC 4010 14th Avenue Brooklyn, NY 11218 | | Mechanic's Lien | Disputed | | | $363,593.37 |
| Prime Piping & Heating, Inc. 543 Bedford Avenue #269 Brooklyn, NY 11211 | | Mechanic's Lien | Disputed | | | $228,959.00 |

Debtor  **Hello Livingston Extended LLC**                         Case number *(if known)*
        Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Soho Masons Corp.**<br>**1046 54th Street**<br>**Brooklyn, NY 11219** | | **Mechanic's Lien** | **Disputed** | | | $48,938.28 |
| **Worldwide Plumbing Supply, Inc.**<br>**4002 15th Avenue**<br>**Brooklyn, NY 11218** | | **Mechanic's Lien** | **Disputed** | | | $105,972.87 |
| **YD Wood Floors LLC**<br>**1440 61 Street**<br>**Brooklyn, NY 11219** | | **Mechanic's Lien** | **Disputed** | | | $77,774.70 |

## SCHEDULE II

### DEBTOR'S FIVE LARGEST SECURED CREDITORS

1) Acres Loan Origination, LLC
   865 Merrick Avenue, Suite 200S
   Westbury NY 11590
   $34,000,000.00

## SCHEDULE III

<u>SUMMARY OF ASSETS AND LIABILITIES</u>

See attached

**Fill in this information to identify the case:**

Debtor name: **Hello Livingston Extended LLC**

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF NEW YORK

Case number (if known):

☐ Check if this is an amended filing

Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals         12/15

### Part 1:  Summary of Assets

1. *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from *Schedule A/B*............................................................................................................   $   **29,500,000.00**

   1b. **Total personal property:**
   Copy line 91A from *Schedule A/B*..........................................................................................................   $   **0.00**

   1c. **Total of all property:**
   Copy line 92 from *Schedule A/B*............................................................................................................   $   **29,500,000.00**

### Part 2:  Summary of Liabilities

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*..................   $   **34,000,000.00**

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

   **3a. Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F*..........................................................   $   **0.00**

   **3b. Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*...............................   +$   **3,034,732.68**

4. **Total liabilities** ...............................................................................................................................
   Lines 2 + 3a + 3b                                                                                                          $   **37,034,732.68**

## SCHEDULE IV

### 30 DAY ESTIMATED INCOME AND EXPENSES

Income: $0

Expenses: $0