**DAVIDOFF HUTCHER & CITRON, LLP**
*Proposed Attorneys for the Debtor*
120 Bloomingdale Road, Suite 100
White Plains, New York 10605
(914) 381-7400
Robert L. Rattet, Esq.
Jonathan S. Pasternak, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| HELLO LIVINGSTON EXTENDED, LLC, | Case No.: 22-22422 (SHL) |
| Debtor. | |

---------------------------------------------------------------------x

**DEBTOR'S MOTION FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 3003(c)(3) ESTABLISHING A DEADLINE FOR FILING CERTAIN PROOFS OF CLAIMS AND APPROVING FORM AND MANNER OF NOTICE THEREOF**

**TO:   HONORABLE SEAN H. LANE,**
**UNITED STATES BANKRUPTCY JUDGE:**

HELLO LIVINGSTON EXTENDED, LLC, the above-captioned Debtor and Debtor-in-Possession ("Debtor"), by its proposed attorneys, Davidoff Hutcher & Citron LLP, files this motion ("Motion") seeking entry of an Order, pursuant to §501 of 11 U.S.C. §§101, et seq. (the "Bankruptcy Code") and Rules 2002 and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), fixing a deadline by which all entities must file proofs of claim and approving the form and manner of notice thereof.  In support of this Motion, the Debtor respectfully sets forth and alleges as follows:

**BACKGROUND**

1.      On June 2, 2023 (the "Filing Date"), the Debtor filed a voluntary petition for relief

under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

2.      Thereafter the instant proceeding was referred to your Honor for administration

under the Bankruptcy Code.

3.      The Debtor has continued in possession of their property and the management of

their business affairs as debtors-in-possession pursuant to §§1107(a) and 1108 of the Bankruptcy

Code. No trustee, examiner or statutory committee has been heretofore appointed.

4.      On June 2, 2023 the Debtor filed its Schedules and Statement of Financial Affairs.

**RELIEF REQUESTED AND BASIS FOR RELIEF**

5.      As part of the Debtor's reorganization, it is essential that the Debtor determines and

fixes its liabilities so as to analyze potential claims and their classification, which will, in turn,

further facilitate the Debtor's proposed plan of reorganization. The Debtor has heretofore filed

schedules of assets and liabilities and statements of financial affairs with the Bankruptcy Court.

6.      Therefore, the Debtor respectfully submits that it is necessary that an order be made

and entered by this Court fixing a date by which certain claims must be filed by the holders thereof.

7.      In order for the Debtor to properly proceed with a plan of reorganization, it is

likewise necessary that creditors be advised that they must file their claims by a specific time. In

that regard, the Debtor respectfully submits that an order setting the last day for filing claims is

essential for proper administration of this case.

8.      It is requested that the Court enter the pre-fixed proposed order submitted herewith

as **Exhibit "A"** (the "Bar Date Order"). The proposed Bar Date Order provides that all claims as

defined in §101(5) of the Bankruptcy Code, other than those specifically excepted by the proposed

2

Bar Date Order, shall be filed with this Court, in writing, substantially in conformity with Official

Bankruptcy Form 10 on or before **September 1, 2023** (the "Bar Date"), at the Office of the Clerk

of the Bankruptcy Court.

9.      The proposed Bar Date Order further provides that any creditors holding claims

required to be filed pursuant to the provisions of said Order and not filed on or before the Bar Date

shall be forever barred against the Debtor from participating in or sharing in any distribution in the

Chapter 11 case.

10.      The pre-fixed, proposed Bar Date Order further provides that claims already filed

or listed in the Debtor's schedules as not being contingent, disputed, or unliquidated are excepted

from the provisions of said order and are not required to be filed before the Bar Date, as are claims

of professionals duly retained pursuant to orders of retention signed by the Court pursuant to §327

of the Bankruptcy Code.

11.      In addition, claims of governmental units under §507(a)(8) of the Bankruptcy Code

shall also be excepted from this provision in accordance with §502(b)(9) of the Bankruptcy Code.

12.      Finally, the proposed Bar Date Order provides that a notice (the "Bar Date Notice")

substantially in the form annexed hereto as **Exhibit "B"** shall be mailed by regular mail on or

before a date to be fixed by the Court to all persons who are believed to have claims of any kind

against the Debtor, including: (i) parties listed in the schedules heretofore filed by the Debtor; (ii)

all parties filing notices of appearance herein; (iii) the Debtor's taxing authorities; and (iv) the

Office of the United States Trustee, so that those entities entitled to notice shall receive at least

thirty-five (35) days' notice of the Bar Date.  It is respectfully requested that said forms of notice

also be approved.

13.      No prior request for the relief sought herein has been made heretofore.

**WHEREFORE**, the Debtor respectfully request that (1) the Court fix the Bar Date, (2) the proposed Bar Date Order be approved and entered herein, and (3) the Bar Date Notice be approved, together with such other and further relief as to this Court may seem just and proper under the circumstances.

Dated:  White Plains, New York
       June 8, 2023

DAVIDOFF HUTCHER & CITRON LLP
*Proposed Attorneys for the Debtor*
120 Bloomingdale Road, Suite 100
White Plains, New York 10605
(914) 381-7400

By: */s/ Jonathan S. Pasternak*
     Jonathan S. Pasternak