DAVIDOFF HUTCHER & CITRON, LLP
*Proposed Attorneys for the Debtor*
120 Bloomingdale Road, Suite 100
White Plains, New York 10605
(914) 381-7400
Robert L. Rattet, Esq.
Jonathan S. Pasternak, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                                               Chapter 11

HELLO LIVINGSTON EXTENDED, LLC,                       Case No. 23-22422 (SHL)

                                            Debtor.
-----------------------------------------------------------------x

## NOTICE OF DEADLINE REQUIRING FILING OF PROOFS OF CLAIM ON OR BEFORE SEPTEMBER 1, 2023

**TO:   ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST HELLO LIVINGSTON EXTENDED, LLC:**

The United States Bankruptcy Court for the Southern District of New York has entered an Order establishing **September 1, 2023** as the last date for each person or entity (including individuals, partnerships, corporations, joint ventures, trusts and governmental units) to file a proof of claim against the Debtor listed above (the "Debtor").

The Bar Date and the procedures set forth below for filing proofs of claim apply to all claims against the Debtor that arose prior to June 2, 2023, the date on which the Debtor commenced a case under chapter 11 of the United States Bankruptcy Code, except for claims listed in Section 4 below that are specifically excluded from the Bar Date filing requirement. Governmental units may have until **December 22, 2023,** the date that is one hundred eighty (180) days after the order for relief) to file proofs of claim.

1. **WHO MUST FILE A PROOF OF CLAIM**

You MUST file a proof of claim to vote on a chapter 11 plan filed by the Debtor or to share in distributions from the Debtor's bankruptcy estate if you have a claim that arose prior to June 2, 2023 (the "Filing Date"), and it is not one of the types of claim described in Section 4 below. Claims based on acts or omissions of the Debtor that occurred before the Filing Date must be filed on or prior to the Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Filing Date.

Under Section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

2. **WHAT TO FILE**

Your filed proof of claim must conform substantially to Official Form No. 410; proof of claim forms may be obtained at www.uscourts.gov/forms/bankruptcy-forms. All proof of claim forms must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. It must be written in English and be denominated in United States currency. You should attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

Your proof of claim form must not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name

of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).

3. **WHEN AND WHERE TO FILE**

Except as provided for herein, all proofs of claim (other than for governmental units) must be filed so as to be received **on or before September 1, 2023.**

Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file proofs of claim electronically on the Court's Case Management/Electronic Case File (CM/ECF) system.

Those without accounts to the CM/ECF system may create and electronically file their proofs of claim through the "File A Proof of Claim" link on the Court's website, www.nysb.uscourts.gov, or by mailing or delivering the original proof of claim to the Court at the address provided below:

> **United States Bankruptcy Court**
> **Southern District of New York**
> **Office of the Clerk**
> **300 Quarropas Street**
> **White Plains, New York 10601**

Proofs of claim will be deemed filed only when <u>received</u> by the Bankruptcy Court on or before the Bar Date. Proofs of claim may not be delivered by facsimile, telecopy or electronic mail transmission.

4. **CLAIMS FOR WHICH PROOFS OF CLAIM NEED NOT BE FILED**

You do **not** need to file a proof of claim on behalf of a claim on or prior to the [applicable] Bar Date if the claim falls into one of the following categories:

(a) Any claim that has already been asserted in a proof of claim against the Debtor with the Clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to Official Bankruptcy Form No. 410 [(unless you wish

3

    to assert the claim against a Debtor not mentioned in the prior proof of claim, in which case an additional proof of claim must be filed)];

 (b) Any claim that is listed on the Schedules filed by the Debtor, provided that (i) the claim is <u>not</u> scheduled as "disputed," "contingent," or "unliquidated" <u>and</u> (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules.

 (c) Any claim that previously been allowed by Order of the Court;

 (d) Any claim that has been paid in full by the Debtor;

 (e) Any claim for which a different deadline has previously been fixed by this Court;

 (f) Any claim allowable under § 503(b) and § 507(a) (2) of the Bankruptcy Code as an expense of administration of the Debtor's estate;

 (g) [Others.]

If you are a holder of an equity interest in the Debtor, you need not file a proof of interest with respect to the ownership of such equity interest at this time. However, if you assert a claim against the Debtor, including a claim relating to such equity interest or the purchase or sale of such interest, a proof of such claim must be filed on or prior to the Bar Date pursuant to procedures set forth in this Notice.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtor but may not have an unpaid claim against the Debtor. The fact that you have received this Notice does not mean that you have a claim or that the Debtor or the Court believes that you have a claim against the Debtor.

5.  **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you have a claim arising out of the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated on or before June 22, 2023, the date of entry of the Bar Date Order, you must file a proof of claim by the Bar Date. Any person or entity that has a claim arising from the rejection of an executory contract or unexpired lease, as to which the order is dated after the date of entry of the Bar Order, you must file a proof of claim with respect to such claim by the date fixed by the Court in the applicable order authorizing rejection of such contract or lease.

6.  **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE**

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THIS ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES AND PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM.

7.  **THE DEBTOR'S SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against the Debtor in the Debtor's Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "Schedules").

To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed proof of claim form(s) regarding the nature, amount, and status of your

claim(s). If you received post-petition payments from the Debtor (as authorized by the Court) on account of your claim, the enclosed proof of claim form will reflect the net amount of your claims.

If you rely on the Debtor's Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.

As set forth above, if you agree with the nature, amount and status of your claim as listed in the Debtor's Schedules, and if you do not dispute that your claim is only against the Debtor, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Debtor's Schedules are available for inspection on the Court's Internet Website at http://www.nysb.uscourts.gov. A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.gov. Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday at the Office of the Clerk of the Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601. Copies of the Debtor's Schedules may also be obtained by written request to Debtor's counsel at the address and telephone number set forth below.

**A holder of a possible claim against the Debtor should consult an attorney regarding any matters not covered by this notice, such as whether the holder should file a proof of claim.**

Dated: White Plains, New York                              **BY ORDER OF THE COURT**
       June ___, 2023

PROPSED COUNSEL FOR THE DEBTOR
AND DEBTOR-IN-POSSESSION

**DAVIDOFF HUTCHER & CITRON LLP**
**Attention: Jonathan S. Pasternak, Esq.**
**120 Bloomingdale Road, Ste. 100**
**White Plains, New York 10605**
**(914) 381-7400**