| | |
|---|---|
| DAVIDOFF HUTCHER & CITRON LLP<br>*Proposed Attorneys for the Debtor*<br>120 Bloomingdale Road, Suite 100<br>White Plains, New York 10605<br>(914) 381-7400<br>Robert L. Rattet, Esq.<br>Jonathan S. Pasternak, Esq. | *Presentment Date:* June 26, 2023<br>*Presentment Time:* 12:00 p.m. |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In Re:                                                                                    Chapter 11

HELLO LIVINGSTON EXTENDED, LLC,                         Case No.: 23-22422 (SHL)

                                            Debtor.
----------------------------------------------------------X

**APPLICATION OF DEBTOR FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a) AUTHORIZING THE RETENTION AND EMPLOYMENT OF NORTH POINT REAL ESTATE GROUP AS SPECIAL REAL ESTATE BROKER TO THE DEBTOR**

Hello Livingston Extended LLC (the "Debtor"), in the above captioned Chapter 11 case, respectfully submits this application (the "Application") for entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, pursuant to Sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Debtor to employ and retain North Point Real Estate Group ("North") as special real estate broker to provide the services set forth in detail in the retention agreement dated May 25, 2023 (the "Retention Agreement"), attached hereto as **Exhibit "B"**

In support of this Application, the Debtor relies upon the declaration of Greg Corbin (the "Corbin Declaration"), President of North, attached hereto as **Exhibit "C"**, incorporated herein by reference, and respectfully states as follows:

**JURISDICTION, VENUE, AND STATUTORY BASES FOR RELIEF**

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The statutory predicates for the relief requested herein are Sections 327(a) and 328(a) of the Bankruptcy Code, and Bankruptcy Rule 2014.

**RELEVANT BACKGROUND**

3. On June 2, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. The Debtor is operating and managing its property as a debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108. No trustee, examiner, or official committee of unsecured creditors has been appointed.

5. The Debtor owns property located at 291 Livingston Street, Brooklyn, NY (the "Property"). The Property is under construction for the formation of a new residential building and was almost finished before the Debtor rant out of funds from investors due to the Covid 19 Pandemic. Facing a default on loans from its lenders and a risk of foreclosure, the Debtor filed for bankruptcy on the Petition Date, to preserve its equity in the Property, obtain new construction financing, resolve its obligations to its creditors through a sale of the Property, and successfully emerge from bankruptcy under a plan of reorganization.

6. To assist the Debtor with the sale and marketing process, the Debtor seeks to engage North as its real estate broker to sell the Property and help it conduct a robust and substantial marketing process.

**RELIEF REQUESTED**

7. The Debtor seeks authority to employ and retain North as real estate broker, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code. Additionally, because of the transactional nature of North's work, the Debtor respectfully requests that North not be required to keep time records for services performed with respect to its fee for acting as a real estate broker to the Debtor pursuant to the Retention Agreement.

8. Section 328(a) provides, in relevant part, that a debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327… on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. §328(a).

9. The Debtor selected North because of North's extensive and diverse experience, knowledge, and reputation in the real estate industry. As set forth at length in the accompanying Corbin Declaration, North's professionals have extensive experience at monetizing real property assets and the Debtor believes that the engagement of North is in the best interests of the estate and its creditors.

10. The Retention Agreement provides that North will be paid a commission equal to two percent (2%) of the gross purchase price of the Property, which will be paid directly to North Point at closing without further order of the Court, by the successful purchaser, separate from and in addition to the consideration (or gross purchase price) that the successful purchaser pays for the Property, upon the occurrence of any of the following events:

   a. Debtor enters into an agreement during the Term to sell, transfer or convey ownership of the Property in whole or in part, whether individually or as part of a package, or a sale of the Property at a bankruptcy auction, or other sale permitted

    by the bankruptcy court, such as a sale under Section 363 of the Bankruptcy Code or pursuant to a confirmed plan of reorganization, regardless of whether the closing occurs after the expiration of the term and regardless of whether the Debtor engages a different broker or advisor to close a transaction; or

b. If a sale, exchange or other conveyance of the Property or ownership or control of the Property is made or takes place within the "Additional Period" after expiration of the term to a prospective purchaser with whom Debtor had not reached an agreement during the term, but with whom North has negotiated concerning the Property, or to whose attention the Property has been brought by North, or who was introduced to Debtor by North during the Term, or to a credit bidder. For these purposes, a "Prospective Purchaser" shall include partnerships, joint ventures, limited liability companies, corporations, trusts or other similar entities which the prospective buyer represents, is involved with, or in which it holds an ownership, management or beneficial interest.

c. Notwithstanding the foregoing, if Lender or its affiliate is the successful purchaser by bidding all or a portion of its claim and closes on the purchase, Debtor agrees to pay North a commission equal to three hundred thousand dollars ($300,000). If any assignee of lender not affiliated with lender is the successful purchaser and/or closes on the purchase of the Property, then the assignee must pay a buyer's premium equal to two percent (2%) of the gross purchase price for the Property.[1]

---

[1] This is intended as a summary, and is qualified in all respects by the provisions of the retention agreement.

11. For the purposes of this Agreement the Additional Period will be one year after expiration of the term. Should, during the Additional Period, Debtor enter into an agreement to refinance, borrow against, restructure its existing debt encumbering the Property, and/or recapitalize the Property, in whole or in part, and/or enter into a joint venture agreement relating to the Property, in each case with a person or entity with whom North has negotiated concerning the Property, or to whose attention the Property has been brought by North, or who was introduced to Debtor by North during the term, then Debtor will pay North, at closing, a fee in an amount equal to two percent (2%) of the aggregate amount of gross refinancing or restructured indebtedness, recapitalization, and/or joint venture investment received or obtained, or to be received or obtained by Debtor, as the case may be, regardless of when the closing of same takes place.

12. The Retention Agreement is for a term of 180 days from the date of entry of an order approving North's retention, with 30-day extension periods thereafter until terminated by either party upon at least thirty (30) days advanced notice to the other party.

13. To the best of the Debtor's knowledge, and as set forth in more detail in the Corbin Declaration, and subject to the disclosures made therein, North (a) is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and (b) does not hold or represent an interest adverse to the Debtor or the Debtor's estate.

14. Furthermore, except as disclosed in the Corbin Declaration, North has indicated that, based on the results of their research conducted to date, and to the best of its knowledge, neither the advisor of North, nor any of its employees thereof providing the services to the Debtor under the Retention Agreement, has any connection with the Debtor, any creditors of the Debtor's estate, or any other parties-in-interest or their respective attorneys and accountants, or other

advisors, or the U.S. Trustee, or any person employed in the Office of the U.S. Trustee. The advisor has indicated that if he discovers any information that is contrary to or pertinent to the statements made in the Corbin Declaration, North will promptly disclose such information to this Court and the U.S. Trustee.

15.     The Debtor has been advised by North that it is not its practice to keep detailed time records similar to those customarily kept by attorneys and other professionals who are compensated on an hourly basis. The Debtor further acknowledges and agrees that the ultimate benefit to the Debtor's estate from North's services likely could not be measured merely by reference to the number of hours to be expended in the performance of such services. Accordingly, the Debtor requests that North be relieved of the requirement to maintain detailed time records.

## NOTICE

16.     Notice of this Application shall be provided to: (a) the Office of the United States Trustee; (b) the Debtor's creditors; and (c) any party that has filed a notice of appearance and request for service of documents. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be provided.

## NO PRIOR REQUEST

17.     No prior application for the relief requested herein has been made to this or any other court.

## CONCLUSION

**WHEREFORE**, the Debtor respectfully requests entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: White Plains, New York
       June 12, 2023

DAVIDOFF HUTCHER & CITRON LLP
*Proposed Attorneys for the Debtor*
120 Bloomingdale Road, Suite 100

White Plains, New York 10605
(914) 381-7400

By: */s/ Jonathan S. Pasternak*
Jonathan S. Pasternak