COHEN TAUBER SPIEVACK & WAGNER P.C.
420 Lexington Avenue, Suite 2400
New York, New York 10170
Tel.: (212) 586-5800
Fax: (212) 586-5095
Kenneth J. Rubinstein, Esq.
Joseph M. Vann, Esq.
krubinstein@ctswlaw.com
jvann@ctswlaw.com

*Attorneys for Eugene Weiss*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

In re:                                                          Chapter 11

    Hello Livingston Extended, LLC,                   Case No. 23-22422-shl

           Debtor.                            Hon. Sean H. Lane
                          United States Bankruptcy Judge

-------------------------------------------------------------------------x

### OBJECTION OF EUGENE WEISS TO DEBTOR'S MOTIONS FOR ORDERS (i) APPROVING BID PROCEDURES AND AUTHORIZING SALE AT AUCTION AND (ii) DISCLOSURE STATEMENT

Eugene Weiss ("Weiss"), by and through his undersigned counsel, hereby objects to the pending motions filed by Hello Livingston Extended LLC (the "Debtor") to: (i) Sell Property Free and Clear of Liens Under Section 363(f) and for Entry of An Order Approving Bid Procedures and Scheduling of Auction Sale (the "Sale Motion"; Dkt. Ent. 18-19) and (ii) Approve Disclosure Statement (the "Disclosure Motion"; Dkt. Ent. 25-26).

*Summary of Weiss' Objection*

Weiss' objection is based on the lack of proper authority and necessary consents for the filing of the Debtor's Chapter 11 case.  As explained below, the Debtor was without the requisite consent and authority from members of the relevant entities who own membership interests in

the Debtor to commence this bankruptcy proceeding and therefore, the Court is without subject matter jurisdiction over the Debtor and all proceedings herein.  Weiss' efforts to obtain relevant documents and information from the Debtor have been ignored and therefore, Weiss has been left without any alternative to filing the instant objection and to seek dismissal of this bankruptcy case.

*Relevant Agreements Related to the Debtor*

Weiss is a member of GWK Livingston LLC, which is a Class A member of 291 Perigrove 1001 LLC, which is a member of 291 Livingston Holdings LLC (managed by David Gefner) and Perigrove 1001 LLC (whose members are Gefner and Abraham Leifer), which are the members of the Debtor.  (*See* organizational chart annexed as Exhibit 1 hereto)

The relevant Operating Agreements provide, in pertinent part:

*GWK Livingston LLC*

Gefner, Weiss, and Mordechai Kohn are the members of this entity which was formed to "own the Class A Units in 291 Perigrove 1001 LLC".  (A copy of the Operating Agreement for this entity is annexed as Exhibit 2.)  The initial "Manager" for the entity was Perigrove 1001 Manager LLC (Section 4.1), and the Manager was vested with the authority "to carry out any and all of the objectives and purposes of the Company set forth in Section 2.5 [*i.e.*, to own the Class A Units in 291 Perigrove 1001 LLC] and to perform all acts and enter into and perform all contracts and other undertakings which the Manager may deem necessary or advisable or incidental thereto".  (Ex. 2, Section 4.5)

The bankruptcy filing vitiates the "objectives and purposes" for GWK Livingston LLC as through the bankruptcy, Gefner is seeking to functionally dispose of the entity's only asset

{00508184.DOCX; 1}                                          2

effectively terminating the entity's existence without the requisite approval of its members.[1]

*291 Perigrove 1001 LLC*

The Class A members of this entity are GWK Livingston LLC (ownership described above) and Livingston Common Members LLC (an entity wholly owned by Gefner).  The Operating Agreement for this entity (annexed as Exhibit 3 hereto), provides, in pertinent part, that:

- so long as the Loan[2] is outstanding, the entity may not: dissolve or liquidate, in whole or in part (Section 6.3(a)(i)), "convey or transfer its properties and assets substantially as an entirety to any person or entity" (Section 6.3(a)(ii)), or "take any action that might cause the Company to become insolvent (Section 6.3(a)(iv));

- while the Loan is outstanding, the entity "shall not and will not have any constituent party that engages in, seeks, or consents to any asset sale or Transfer

---

[1]   An action by the Manager to cause the Class A Units to become valueless or to terminate is not "incidental or related" to the business purpose for the entity which is to "own" such units.  Section 11.1 of the Operating Agreement notes that the entity can only be dissolved upon the "written consent of the Manager and all Members to such dissolution".  Section 3.5 ("Voting Rights") notes that, "Except as otherwise expressly provided in the articles or this Agreement, the affirmative vote of a majority in interest of the Members shall constitute the act of the Members".  As discussed below, there was no affirmative vote of a majority of the members' interest; neither Weiss (nor Mordechai Kohn, the third member) voted to approve any such actions, so Gefner could not have obtained consent of the majority of the members of GWK Livingston LLC.

[2]   Defined as the $3.5 million mezzanine loan made by WU 291 Realty LLC for which Weiss, among others, executed a Recourse Guaranty and which is the subject of a pending suit in the Supreme Court for the State of New York, County of New York (Index No. 651438/2023) against Weiss and others (the "State Court Action").  (A copy of the First Amended Complaint (without exhibits) in that action is annexed as Exhibit 4.)

(as defined in the Loan Agreement[3]) of the partnership, membership or shareholder interests, of such Person" (Section 6.03(b)(xxi));

- "the unanimous consent of all Members[4] is required for the Company to . . . institute proceedings to be adjudicated bankrupt or insolvent" and "file a petition seeking, or consent to, reorganization or relief under any applicable federal or state law relating to bankruptcy" (Section 6.3(c)); and

- "So long as the Loan is outstanding, without the prior consent of Lender and the unanimous consent of all Members, the Company may not amend, alter, change or repeal this Section 6.3". (Section 6.3(d))[5]

*Required Authorization and Consent for this Proceeding was not Obtained by the Debtor*

Weiss was not contacted or otherwise notified prior to the Debtor filing for bankruptcy and Weiss' consent or authorization was not sought or provided for the Debtor's bankruptcy filing.  Therefore, Gefner lacked authority to cause GWK Livingston LLC to consent to 291

---

[3]      The Loan Agreement defines of "Transfer" as the "disposition of (directly or indirectly, voluntarily or involuntarily, by operation of Law or otherwise, and whether or not for consideration or of record) all or any portion of any legal or beneficial interest (i) in Holdings, Perigrove, Borrower or Property Owner..."

[4]      This includes Class B members LL Livingston Management LLC (owned by Abraham Leifer (50%) and Robert Lebensfled (50%)) and GWK Livingston Management LLC (owned by Gefner, Weiss, and Kohn, 33.33% each).

[5]      Any attempt by the Debtor to parse through the relevant operating agreements to argue for certain clauses to override others would be improper.  *See, e.g., Broadway Retail Owner LLC v McDonald's Corp.*, 54 Misc. 3d 1206(A), at 2 (N.Y. Sup. Ct. 2017), *affd*, 150 A.D.3d 485 (1st Dep't 2017 ("construction of contracts in this state require that the contract have to be read as a whole and nothing is to be meaningless."); *Thompson v. Gjivoje,* 896 F.2d 716, 721 (2d Cir.1990) (quoting *William C. Atwater & Co. v. Panama R.R. Co.,* 246 N.Y. 519, 524 (1927) (second alteration in original) ("court should accord [contractual] language its plain meaning giving due consideration to 'the surrounding circumstances [and] apparent purpose which the parties sought to accomplish."); *Howard v. Howard,* 292 A.D.2d 345, 345 (2d Dep't 2002) ("It is the primary rule of construction of contracts that when the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving practical interpretation to the language employed and the parties' reasonable expectations.").

Perigrove 1001 LLC's approval for the Debtor's bankruptcy petition.

Furthermore, without the consent of Abraham Leifer -- a member/manager of LL Livingston Management LLC, which is a 33.33% member of 291 Perigrove 1001 LLC -- there could be no unanimous member consent of 291 Perigrove 1001 LLC for the bankruptcy filing as required.  In a filing in the State Court Action (mentioned below), Leifer represented that the Debtor's bankruptcy filing "was done without adequate authority and is therefore a nullity" and that "Gefner, among others, did not have the authority to consent to the filing of the bankruptcy petition, and as a result, the bankruptcy filing was void *ab initio*."

Accordingly, Gefner did not obtain the requisite consent of Weiss (or Leifer or Kohn) for the Chapter 11 filing.

As a result of the instant bankruptcy action, liability to Weiss under a Recourse Guaranty related to a mezzanine loan is alleged to have been triggered and Weiss has been named a defendant in the State Court Action in connection therewith.[6]  (*See* Exhibit 4)

By letter dated July 26, 2023 (a copy of which is annexed as Exhibit 5), Weiss made a request from the Debtor:

> In order for us to assess and determine if the Debtor had appropriate authority for its bankruptcy filing, please immediately provide us with the following documents and information: (a) authorization(s), consent(s), and resolution(s) for the Debtor's bankruptcy filings; (b) authorization(s), consent(s), and resolution(s) for the retention of David Goldwasser as Chief Restructuring Officer for the Debtor; and (c) authorization(s), consent(s), and resolution(s) for the Debtor's retention of your firm as Debtor's counsel.

On July 28, 2023, Leifer filed an answer in the State Court Action in which, among other things, he asserted that:

---

[6]     The bankruptcy proceeding is believed to be a by-product of Gefner acting in his own self-interest to the detriment of other members of the relevant entities and in breach of his fiduciary duties.  In or around December 2022, Gefner resolved his potential liability to the mezzanine lender under the Recourse Guaranty, as well to the lender under a $34 million loan to the Debtor.

Plaintiff's assertion that Full Recourse Event "D" has occurred because Hello Livingston purportedly filed for Chapter 11 bankruptcy is incorrect because the bankruptcy filing was done without adequate authority and is therefore a nullity.

Gefner, among others, did not have the authority to consent to the filing of the bankruptcy petition, and as a result, the bankruptcy filing was void *ab initio*.

(See Exhibit 6 annexed hereto, ¶¶ 105-106)

In a July 31, 2023 e-mail (a copy of which is annexed as Exhibit 7), Weiss made the

Debtor aware of Leifer's filing:

In furtherance of the July 26 letter from Joe Vann, please see paragraphs 105-106 of the attached, which was filed by Abraham Leifer on Friday. We look forward to receiving the documents and information requested in Joe's letter from you early this week.

The Debtor still failed to respond and therefore, in an August 2, 2023 e-mail (a copy of

which is annexed as Exhibit 8), Weiss asked:

When can we expect to receive the requested documents and information? This is a simple request for documents that should be readily accessible. If they are not provided, we can only assume that they do not exist and will seek appropriate judicial relief.

To date, the Debtor has not responded to any of Weiss' requests or communications.

*Pending Motions*

In the Sale Motion, the Debtor seeks, among other things, authorization and approval of

the terms of a proposed sale of the sole asset of the Debtor at auction. In the Disclosure Motion,

the Debtor seeks, among other things, approval of a Disclosure Statement.

Based on the fact that, at a minimum, proper authority for the Chapter 11 filing is

questionable, any relief sought through the Sale Motion or Disclosure Motion would be improper

as the Court does not have proper jurisdiction over the Debtor absent the required unanimous

authorization from the members of 291 Perigrove 1001 LLC. *See, e.g., Price v. Gurney,* 324

U.S. 100, 104-06 (1945) (bankruptcy court cannot entertain a claim by someone who purports to

act on behalf of the corporation but is without the necessary authority to do so as it represents a

{00508184.DOCX; 1}                                        6

jurisdictional defect); *In re Raljoed Realty Co.,* 277 F.Supp. 225, 226 (S.D.N.Y. 1967) *aff'd per curiam sub nom. In re Park Towers Corp.,* 387 F.2d 948 (2d Cir.1967) (bankruptcy case subject to dismissal where Managing Member without authority to authorize filing).

Furthermore, in making a determination as to whether there was authority for the filing of the bankruptcy petition, courts should undertake "a fact-sensitive inquiry". *See, e.g., In re Source Enterprises, Inc.*, 392 B.R. at 554-55 (Bankr. S.D.N.Y. 2008) (internal citation omitted); *see also Regal Cleaners & Dyers v. Merlis*, 274 F. 915, 916 (2d Cir.1921) ("There is no presumption of authority in an officer to make and file a voluntary petition in bankruptcy, and he may not do so without the consent of the directors."); *In re Inwood Hgts. Hous. Dev. Fund Corp.*, 2011 WL 3793324, at *10 (Bankr. S.D.N.Y. Aug. 25, 2011) (where there is a dispute over authority to file a voluntary bankruptcy petition, case should be dismissed without resolving the issue of authority).

Based on the foregoing, Weiss requests that the Court deny the Sale Motion and Disclosure Motion and dismiss this proceeding.  At a minimum, the pending motions should be adjourned for at least 90 days to afford time for appropriate discovery to be conducted to determine if there is proper jurisdiction of this Court over the Debtor. *See, e.g. In re Inwood Hgts. Hous. Dev. Fund Corp.*, 2011 WL 3793324, at *10 (Bankr. S.D.N.Y. Aug. 25, 2011) (Court can only look at pleadings and documents in the record to decide issue of authority; pleadings and documents in the record demonstrated the existence of disputed issues of fact with respect to whether there was authority to file bankruptcy petition and resolution of disputed factual issues required an evidentiary hearing)

**WHEREFORE**, Weiss objects to the pending Sale Motion and Disclosure Motion which should be denied and this action dismissed for the reasons stated above; in the alternative, the pending motions should be adjourned for at least 90 days to afford time for appropriate discovery to be conducted to determine if there is proper jurisdiction of this Court over the Debtor, together with such other and further relief as the Court may deem just and proper.

Dated: August 9, 2023

COHEN TAUBER SPIEVACK & WAGNER P.C.
*Attorneys for Eugene Weiss*

By: /s/ Kenneth J. Rubinstein
Kenneth J. Rubinstein
Joseph M. Vann
420 Lexington Avenue, Suite 2400
New York, New York 10170
Tel.: (212) 586-5800
krubinstein@ctswlaw.com
jvann@ctswlaw.com

{00508184.DOCX; 1}                                        8