UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                    Chapter 11

HELLO LIVINGSTON EXTENDED LLC,                 Case No. 23-22422(SHL)

                         Debtor.
------------------------------------------------------------x

**ORDER (A) CONFIRMING AND APPROVING SALE
OF PROPERTY PURSUANT TO 11 U.S.C. § 363(b), (f), (m),
AND (n) FREE AND CLEAR OF ALL CLAIMS, LIENS AND
ENCUMBRANCES, (B) APPROVING DISTRIBUTIONS
AT CLOSING, AND (C) GRANTING RELATED RELIEF**

Upon Hello Livingston Extended LLC's (the "Debtor") Motion to Approve Bid Procedures and Schedule Hearing to Approve Sale, Etc. [ECF No. 18] (the "Sale Motion"),[1] which provided for the sale of the Property (defined below); and upon and upon entry of the Order Approving Bid Procedures, Etc. [ECF No. 49; the "Bid Procedures Order"], which approved certain bid procedures (the "Bid Procedures") governing the sale of the Debtor's real property and personal property, furniture, fixtures and equipment owned by the Debtor whether or not located at the Property, which real property is commonly known as and located at 291 Livingston Avenue, Brooklyn, New York 11217 (Block 161, Lot 61) (collectively, the "Property") free and clear of all liens, claims and encumbrances (except to the extent the Secured Creditor's mortgage is assigned) of such Property; and upon the Report of Qualified Bid [ECF No. 58]; and only one bidder, Acres Loan Origination LLC (the "Purchaser") having submitted a qualifying bid by the Bid Deadline; and the Auction having therefore been canceled; and upon the Declaration of Greg Corbin In Support of Sale Approval [ECF No. 63] (the "Corbin Declaration"); and upon the Declaration of Jaclyn Jesberger Regarding Good Faith of the Purchaser [ECF No. 64] (the "Jesberger Declaration"); and upon all of

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Sale Motion, the Bid Procedures Order, and the Bid Procedures.

1

the pleadings and proceedings heretofore had herein, and a hearing having been held to consider approval of the Sale and entry of this Order on November 21, 2023; and after due deliberation thereon and sufficient cause appearing therefor, it is,

**HEREBY FOUND, DETERMINED AND CONCLUDED THAT**:

A.  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. The Court has made specific findings on the record of the Sale Hearing which are incorporated herein.

B.  This Court has jurisdiction over the sale of the Property, the Sale Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334.

C.  The Court has jurisdiction over this matter and over the assets of the Debtor and of its estate, including, without limitation, the Property to be sold, transferred and conveyed, pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this chapter 11 case and the sale of the Property in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

D.  The statutory predicates for the relief sought in the sale of the Property and the basis for the approvals and authorizations herein are (i) Bankruptcy Code §§ 102, 105, 363, 365, 1123 and 1129 and (ii) Bankruptcy Rules 2002, 6004, 6006 and 9014.

E.  The relief granted in this Order is in the best interests of the Debtor, its estate, and its creditors and all other parties in interest and is necessary and appropriate.

F.  As evidenced by certificates of service filed with the Court, adequate notice of the Bid Procedures and Auction and a reasonable opportunity to object or be heard with respect to the Bid Procedures that governed the Auction and its results has been given to all interested persons

and entities, including, without limitation: (i) the Office of the United States Trustee; (ii) counsel to the Debtor; (iii) all entities known to have asserted any lien, interest or encumbrance upon the Debtor's assets; and (iv) all other parties who filed requests for notice under Bankruptcy Rule 2002 in this case and no other or further notice is necessary or required.

G. The marketing and bidding processes implemented by the Debtor and the Broker, as set forth in the Corbin Declaration, were fair, proper, and reasonably calculated to result in the best value received for the Property.

H. The Sale process was conducted in a commercially reasonable, non-collusive, fair and good faith manner.

I. The highest and best bid for the Property is a credit bid from the Purchaser for the sum of $30,000,000.00 in credit.

J. The Purchaser (or its assignee, nominee or designee) is the "Successful Bidder" under the Bid Procedures. In furtherance of the foregoing, the Purchaser may assign their successful bid to a nominee, designee, or assignee at or before closing on the sale of the Property, including to an entity that is a joint venture between the Secured Creditor and Midas Hospitality, LLC.

K. The sale to the Purchaser is an arms-length transaction and is being entered into in good faith by the parties. The price to be paid by the Purchaser represents the fair market value of the Property.

L. The Purchaser is deemed to be a good faith purchaser of the Property within the meaning of Section 363(m) of the Bankruptcy Code and is therefore entitled to all the protections afforded thereby.

M. No evidence has been presented to the Court of any agreement amongst potential bidders that impacted the bidding and/or sale price. The Purchaser has not violated section 363(n) of the Bankruptcy Code by any action or inaction. The transactions under this Order may not be avoided, and no damages may be assessed against the Purchaser or any other party under section 363(n) of the Bankruptcy Code or any other applicable bankruptcy or non-bankruptcy law.

N. The pre-Auction bidding complied with the Plan.

O. The Sale to the Purchaser is in accordance with this Order will comply with the Sale Motion.

P. This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), the parties may consummate the transactions provided for herein immediately upon entry of this Order. To any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Order.

Q. The Property may be sold by the Debtor free and clear of the liens and encumbrances pursuant to 11 U.S.C. § 363(f) pursuant to the terms of this Order, and the Debtor has satisfied the burden to establish the foregoing with admissible evidence by preponderance of the evidence and applicable law.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

ORDERED, that the relief requested in the Sale Motion, the Jesberger Declaration, and the Corbin Declaration is granted to the extent set forth herein; and it is further

ORDERED, that pursuant to Sections 363(b), (f), (m) and (n) of the Bankruptcy Code that the Debtor is authorized, empowered and directed to consummate the Sale of the Property to the

4

Purchaser under this Order upon the terms set forth in the Purchaser's Successful Bid, including that the Debtor shall be responsible for and shall pay at or before closing all real property taxes on the Property through the date of closing; and it is further

ORDERED, that the Debtor is hereby authorized to sell the Property to the Purchaser and such sale shall be free and clear of all claims, liens, and encumbrances against the Property of any nature whatsoever (except to the extent that the Secured Creditor's mortgage liens shall remain in place and may be assigned to a lender to the Purchaser), including any and all mechanics' and judgment liens, pursuant to 11 U.S.C. § 363(b) and (f); and it is further

ORDERED, that the Purchaser shall not assume and the Debtor shall be deemed to have rejected all executory contracts and non-residential leases, unless the Purchaser files and serves an Assumption Notice (as defined in the Plan); and it is further

ORDERED, that effective on the date of entry of this Order, all entities, including, but not limited to, the Debtor and its creditors, employees, former employees, members, equity owners, as well as administrative agencies, tax and regulatory authorities, governmental agencies, secretaries of state, federal, state and local officials, and their respective successors or assigns, including, but not limited to, persons asserting any claim and encumbrances against the Property, (except to the extent that the Secured Creditor's mortgage liens shall remain in place and may be assigned to a lender to the Purchaser), shall be permanently and forever barred, restrained and enjoined from commencing or continuing in any manner any action or other proceeding of any kind against the Property or the Purchaser, its members, representatives, affiliates, assignees, designees, nominees, successors in interest or otherwise, with respect to: (i) any claims and encumbrances on, in respect of or against the Debtor or the Property; and (ii) recovering on any claim which such person or entity had or may have against the Debtor or Property; and it is further

ORDERED, that notwithstanding anything to the contrary, for avoidance of doubt, nothing contained herein shall constitute any waiver of the Purchaser's rights and remedies relating to a deficiency claim against any guarantor or other non-Debtor entity liable to the Purchaser to the extent not already limited or released by agreement with the Purchaser; and it is further

ORDERED, that the Purchaser is deemed to be a good faith purchaser pursuant to 11 U.S.C. § 363(m) and (n) and is therefore entitled to the protections set forth therein; and it is further

ORDERED, that the Debtor and the Purchaser are authorized to execute any and all documents necessary to effectuate the Sale of the Property as set forth herein; and it is further

ORDERED, that at the closing of the sale of the Property, the Debtor (or its agent) shall deliver all documents and items necessary to convey title to the Purchaser including any or all of the following:

(i) A Deed that provides for the conveyance of title to the Purchaser, the terms of which shall be acceptable to the Purchaser, and the Debtor and the Purchaser are hereby ordered to execute such Deed on or before the date the Sale closes (the "Closing Date");

(ii) All documents to show that the Debtor is not a "foreign person" within the meaning of Section 1445 of the Internal Revenue Code 1986, as amended, or any regulations promulgated thereunder (as such "foreign person" is defined in the Internal Revenue Code);

(iii) All documents relating to the Property including (without limitation) original leases and copies of leases relating to the Property, to the extent that such documents are in the possession, custody or control of the Debtor and/or its affiliates, agents, employees and managing agent;

     (iv)    A bill of sale;

     (v)    All keys and/or access cards relating to the Property, if any, to the extent that such keys and/or cards are in the possession, custody or control of the Debtor and/or its affiliates, agents, employees and/or agent;

     (vi)    An executed title affidavit and any other document required by the title company to issue a title insurance policy to the Purchaser; and

     (vii)    Any other document reasonably required to effectuate the closing of the sale of the Property to the Purchaser; and it is further

ORDERED, that the fourteen-day stay provided for in Rule 6004(h) of the Federal Rules of Bankruptcy Procedure is waived and shall not be in effect and, pursuant to Rule 6004, 7062, and 9014 of the Federal Rules of Bankruptcy Procedure, this Order shall be effective and enforceable immediately upon entry; and it is further

ORDERED, that each and every federal, state and local government agency or department is hereby directed to accept any and all documents necessary and appropriate to consummate the sale of the Property as set forth herein and a copy of this Order may be filed in any place where state, federal or local law permits filing or recording; and it is further

ORDERED, that this Order shall be binding upon the Debtor, its successors and assigns, and any trustee that may be appointed in the case or any case under Chapter 7 of the Bankruptcy Code to which such case may be converted, and any affected third parties, including without limitation any liens or encumbrances against or claims or interests in the Debtor's estate or any of its assets, and all other persons and entities, including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons or entities

who may be required by operation of law or by the duties of their offices to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report to or insure title or state of title in or to any of the Debtor's assets; and it is further

ORDERED, that, in the event that the Debtor's First Amended Chapter 11 Plan of Liquidation (the "Plan") is confirmed, and the Sale closes after the Plan is confirmed, pursuant to Section 1146(a) of the Bankruptcy Code, the sale of the Property as contemplated by the Bid Procedures Order, the Plan, and this Order shall be exempt from the payment of transfer, stamp, deed, mortgage recording, or similar taxes, upon the recording of the deed, and any recorder of deeds or similar official for any governmental unit in which any instrument hereunder is to be recorded shall be ordered and directed to accept such instrument without requiring the payment of any transfer, stamp, deed, mortgage recording, or similar taxes; and it is further

ORDERED, that at or as soon as practicable after the closing of the Sale of the Property, the Disbursing Agent (as defined in the Plan) shall make all payments required to be made under the Plan; and it is further

ORDERED, that the Debtor shall pay, at or as soon as practicable after the closing of the Sale of the Property, the Broker $300,000 as a commission; and it is further

ORDERED, that this Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). To any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no just reason for delay in the implementation of this Order, and expressly directs entry of judgment as set forth herein; and it is further

ORDERED, that the provisions of this Order shall survive and be enforceable in the event of conversion of this case to Chapter 7 of the Bankruptcy Code or dismissal; and it is further

8

ORDERED, that within fourteen (14) days after the conclusion of the Closing, the Debtor will file a Report of Sale with the Court. The Disbursing Agent shall report any disbursements made at closing in its relevant monthly operating report(s) and/or post-confirmation reports (as applicable); and it is further

ORDERED, that this Court shall retain jurisdiction to determine any dispute which may arise under, relating to or with respect to this Order, including the property that is being sold pursuant to this Order, including the extent of such property and the ownership thereof.

Dated: White Plains, New York
       January 12, 2024

                                      ***/s/ Sean H. Lane***
                                      United States Bankruptcy Judge